**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KATHY HEDBERG, Former Adult
Program Coordinator of Darlington
County Disabilities and Special Needs
Board; BERNICE KING; JOYCE T.
JACKSON; ELLA HAIGLER; DEBRA J.
SLATER; LYLA MITCHELL; JAMES
JACKSON; ALL OTHER EMPLOYEES
SIMILARLY SITUATED AT THE DARLINGTON
COUNTY DISABILITIES AND SPECIAL
NEEDS BOARD,
Plaintiffs-Appellants,

and

CLAUDIA MCDANIEL; RUBY L. BUSH;
MINNIE MCCOY; EVELYN WILLIAMSON;
YVETTE MCPHAIL,
Plaintiffs,                                             No. 95-3049

v.

DARLINGTON COUNTY DISABILITIES AND
SPECIAL NEEDS BOARD (SCOTT CENTER);
JUDY WESSINGER, Program
Administrator of the Darlington
County Disabilities and Special Needs
Board; TOM WITT, Executive Director
of the Darlington County Disabilities
and Special Needs Board; LOUISE R.
SCOTT, Former Executive Director of
the Darlington County Disabilities and
Special Needs Board; JEANETTE
RAMBO, Member of the Board of
Trustees of the Darlington County
Disabilities and Special Needs Board;

FAYE YARBOROUGH, Member of the
Board of Trustees of the Darlington
County Disabilities and Special Needs
Board; GLORIA WASHINGTON, Member
of the Board of Trustees of the
Darlington County Disabilities and
Special Needs Board; WILMAR DOVE,
Member of the Board of Trustees of
the Darlington County Disabilities and
Special Needs Board; GABRIELLA M.
MCWHITE, Member of the Board of
Trustees of the Darlington County
Disabilities and Special Needs Board;
ANN KING, Member of the Board of
Trustees of the Darlington County
Disabilities and Special Needs Board;
W. B. MCCOWN, Member of the
Board of Trustees of the Darlington
County Disabilities and Special Needs
Board; EDDIE F. PAULEY, Member of
the Board of Trustees of the
Darlington County Disabilities and
Special Needs Board,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CA-94-2467-4-22)

Submitted: October 10, 1997

Decided: December 24, 1997

Before HALL, WILKINS, and LUTTIG, Circuit Judges.

_____

2

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Alexander Gaines, Sr., Florence, South Carolina, for Appellants.
Joseph P. McLean, CLARKE, JOHNSON, PETERSON &
MCLEAN, P.A., Florence, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kathy Hedberg, and other Plaintiffs, sued the Darlington County
Disabilities and Special Needs Board and related Defendants (collec-
tively the "Board") alleging that they were illegally discriminated
against in their terms of employment. On appeal Plaintiffs allege that
the district court erred by: (1) barring their claims for damages on the
grounds of Eleventh Amendment immunity, and dismissing all Plain-
tiffs, except Hedberg; (2) denying their motion to amend the com-
plaint; and (3) denying Hedberg a jury trial. For the reasons that
follow, we affirm.

Hedberg, a Caucasian woman, was hired by the Board [1] as the Adult
Day Program Coordinator on February 15, 1994, and was terminated
on July 12, 1994, within her six month probationary period. In her ini-
tial complaint, Hedberg, a supervisor, alleged that she was terminated

_____

[1] The Board "is the administrative, planning, coordinating, and service
delivery body" for Darlington County, South Carolina citizens with "dis-
abilities and special needs," including those with "mental retardation,
related disabilities, head injuries, and spinal cord injuries." S.C. Code
Ann. § 44-20-385 (Law Co-op Supp. 1996).

because she sought to treat her thirteen African-American employees more equitably and the same as her Caucasian staff members. She sought causes of action under 42 U.S.C.A. §§ 1981(a), 1983 (West 1994 & Supp. 1997). Thereafter, Hedberg filed a first amended and then second amended complaint, each attempting to add additional Plaintiffs but which failed to give any substantial factual basis for the putative Plaintiffs' claims.[2]

After a hearing held July 7, 1995, the district court granted the Board's motion for summary judgment in several respects.[3] First, it dismissed all claims brought by Plaintiffs except for Hedberg. The court noted that the complaint, first amended complaint, and second amended complaint primarily alleged that Hedberg was terminated because of her efforts to assist African-American employees at the Board. Conversely, the court found that the other Plaintiffs, which Hedberg attempted to join, had claims varying in substance and time, sought relief on various bases, and concluded that their factual allegations were "vague and conclusionary as to the specific nature of each of these Plaintiffs' allegations. They appear to have little similarity to each other's or Plaintiff Hedberg's claims." [4] Thus, the court exercised its discretion to dismiss Plaintiffs other than Hedberg. See Fed. R. Civ. P. 19, 20. Second, with respect to Hedberg's claims, the court dismissed all Defendants except Judy Wessinger, the Program Administrator of the Board, and Tom Witt, Executive Director of the Board. Because the court found that Hedberg's claims against Wessinger and Witt were based upon actions in their official capacities only (they were her superiors), the court found the Eleventh Amendment limited Hedberg to remedial relief only, i.e., reinstatement, prospective injunctive relief, and attorney's fees.

_____

**2** All other Plaintiffs, with the exception of Minnie McCoy, Evelyn Williamson, and Debra J. Slater, were at the time the suit was filed current African-American employees of the Board.

**3** The parties have not provided the court with a transcript of the hearing itself in the joint appendix (J.A.) but have included later materials in which the district court explained its reasoning for the earlier ruling. (J.A. at 244-47, 256-68).

**4** (J.A. at 265).

4

Thereafter, counsel for Hedberg and the other Plaintiffs filed documents with the district court on August 23 and September 11, requesting that Hedberg be allowed to amend her complaint to add a claim under Title VII of the Civil Rights Act of 1964, as amended, that the previously dismissed Plaintiffs be reinstated to pursue claims under Title VII, and that the imminent trial be heard by a jury.**5** The district court denied the requested relief on the grounds that Plaintiffs had previously sought, and the court had granted, discovery extensions ("leading to numerous revisions of the Scheduling Order"); the discovery period had expired on May 28, 1995, and the case was to be tried "within the next few weeks"; that to add claims under Title VII and reinstate the formerly dismissed Plaintiffs"would greatly complicate this case" and require yet another continuance because the parties had engaged in no discovery with respect to Title VII claims; the untimely motions would prejudice Defendants; and that the previously dismissed Plaintiffs were not needed for a just adjudication, under Fed. R. Civ. P. 19, nor did their claims arise out of the same factual transaction or occurrence as Hedberg, under Fed. R. Civ. P. 20.**6**

Hedberg, limited to equitable relief, proceeded to a bench trial. The judge ruled in favor of the Board. Hedberg and the other Plaintiffs appeal.

Appellants' assertion that the district court erred by granting Eleventh Amendment immunity against the recovery of damages is unpersuasive. Appellants argue that because they alleged discrimination emanating from the Board's official policy and because the Board is subject to suit under 42 U.S.C.A. § 1983, application of immunity was erroneous. As support for this proposition, Appellants cite <u>Owen v. City of Independence</u>, 445 U.S. 622 (1980), <u>Hutto v. Finney</u>, 437 U.S. 678 (1978), and <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 694 (1978). These cases, however, are inapposite.**7** Rather, the

---

**5** Plaintiffs had received right-to-sue letters from the Equal Employment Opportunity Commission dated August 22, 1995.
**6** (J.A. at 245-47).
**7** Indeed, only <u>Hutto</u> discusses Eleventh Amendment immunity, and then only in the context of whether an award of attorney's fees is barred --an issue not raised in this appeal. <u>See</u> 437 U.S. at 689-93 (finding that an award of attorney's fees for bad faith was remedial and therefore not barred by the Eleventh Amendment).

5

district court made a factual finding, not contested by Appellants on appeal, that the Board was a partially state-funded organization. The court went on to conclude that as a matter of law, therefore, that any damages awarded would affect the state of South Carolina's treasury, citing Gray v. Laws, 51 F.3d 426 (4th Cir. 1995). Although we review the applicability of Eleventh Amendment immunity de novo, see Ristow v. South Carolina Port Auth., 27 F.3d 84, 86 (4th Cir.), vacated on other grounds, 513 U.S. 1011 (1994), we find the district court's decision proper. See Harter v. Vernon , 101 F.3d 334, 340 (4th Cir. 1996) (rehearing in banc denied) (holding that if a damages award against an officer or entity would affect the state treasury, Eleventh Amendment immunity applies), cert. denied, 65 U.S.L.W. 3742, 3852, 3861 (U.S. June 27, 1997) (No. 96-1701). The district court properly limited Hedberg to prospective injunctive relief. See Gray, 51 F.3d at 430 n.1.

Appellants provide this court with no support for their assertion that the district court erred in dismissing Plaintiffs other than Hedberg. The record reflects that the district court viewed Hedberg's efforts to add the other Plaintiffs, through the filing of amended complaints, as improper and unrelated to her case under Fed. R. Civ. P. 19 and 20. We note that district courts are generally given broad discretion to decide the scope of a civil action. See Arrington v. City of Fairfield, 414 F.2d 687, 693 (5th Cir. 1969) (finding that under Rule 20 courts have the authority to make such orders as will prevent delay or prejudice).

We do not find the district court abused its discretion in denying Hedberg's motion to amend. See Gladhill v. General Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984) (stating that disposition of a motion to amend is within the discretion of the district court). The addition of a new cause of action and reinstatement of previously dismissed Plaintiffs, on the eve of trial and after discovery was completed, would have further delayed disposition of the lawsuit and prejudiced the Board.**8** See Deasy v. Hill, 833 F.2d 38, 40 (4th Cir.

_____

**8** In the alternative, Appellants seek to have this court toll the 90-day period in which the previously dismissed Plaintiffs have to file their Title VII actions in federal court. See Baldwin County Welcome Ctr. v. Brown,

6

1987) (finding that a motion to amend may be denied where the motion has been unduly delayed and would prejudice the nonmovant).

Finally, we do not find that the district court erred by denying Hedberg a trial by jury on her remaining claims. The court concluded that Defendants were an arm of the state and therefore her damages claims were precluded by the Eleventh Amendment. See Harter, 101 F.3d at 340. Thus, Hedberg was limited to only equitable relief--prospective injunctive relief, reinstatement, and attorney's fees--in which there is no right to trial by jury. See Keller v. Prince George's County, 827 F.2d 952, 955-56 (4th Cir. 1987) (noting that when a Title VII or § 1983 trial is limited to equitable relief, no jury trial is available).

Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

466 U.S. 147, 159-62 (1984) (holding that a Title VII plaintiff has 90 days to file suit in district court after receiving a right-to-sue letter from EEOC; enumerating instances when equitable estoppel should be applied to toll period). Because the timeliness of the 90-day period was not addressed below, we decline to grant such relief in the first instance. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (noting that issues raised for the first time on appeal generally will not be considered). Neither do we comment on the district court's alternative ground for refusing to exercise jurisdiction over the Plaintiffs' Title VII claims because they failed to first exhaust their state remedies. See Davis v. North Carolina Dep't of Correction, 48 F.3d 134, 147 (4th Cir. 1995) (holding that when state law protects persons against the kind of discrimination alleged, complainants must first resort to state and local remedies prior to proceeding to the Equal Employment Opportunity Commission and filing suit in court). See generally S.C. Code Ann. §§ 1-13-10 to 110 (Law. Co-op. 1986 & Supp. 1996) (making it unlawful under South Carolina law to discriminate against someone on the basis of race, religion, color, sex, age, national origin, or disability).